# Hanbest v. Grayson.

*Will—Power of sale—Condition—Landlord and tenant.*

A will after reciting that testatrix had rented certain real estate for three years, directed her executor " in case of my (her) death before the expiration of said lease," to collect the rents etc., and then further directed him to give " the tenant three months' notice before the expiration of his present term, and at said time, and upon the vacation of said property by the said tenant, I authorize my said executor to sell the said property," etc. In the next clause she expressed the desire that her " estate may be settled and divided as soon as conveniently and legally may be after sale has been made of my said property." And in the last clause she appointed an executor, and provided " if I should live beyond the time that I have set for my executor to take charge of the above named property I authorize my executor with full power to carry out the above items and bequests at my decease." After the death of testatrix the executors sold the property to the tenant without having given three months' notice. After the sale the legatees elected to take the property as land. A sale was necessary for the payment of legacies. *Held*, (1) that the termination of the tenants' possession was not a condition precedent to the power of sale; (2) that the executor had a right to sell to the tenant without giving three months' notice; (3) that the election of the legatees to take.the property as land was too late, and also ineffectual by reason of the necessity of providing for the payment of legacies.

Argued Jan. 28, 1903. Appeal, No. 227, Jan. T., 1902, by plaintiffs, from decree of C. P., No. 4, Phila. Co., Dec. T., 1901, No. 2746, on bill and cross bill in case of John DeHaven Hanbest, Hannah A. Hanbest, Naomi J. McCurdy, Anthony A. Hirst, Executor of Catherine Hayes, Deceased, and Emily Farrell *v.* George Grayson, Executor of Julia Ann Hanbest, Deceased, and John Kane. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity and cross bill.

The case was heard on bill and answer and cross bill and answer.

The substance of the pleadings are stated by WILLSON, J., as follows :

The controversy turns upon the proper construction to be given to the will of Julia A. Hanbest, who died on December 30, 1900. The will, which was dated November 28, 1900, after reciting that she was the owner of property known as the Blue Bell Hotel, situated on Woodland avenue, in the twenty-seventh ward of this city, contained the following language :

" The hotel I have rented to one John Kane for the term of three years, commencing June 1st, 1897, for seventy-five dollars a month, payable in advance, it is my desire that my executor hereinafter named, in case of my death before the expiration of said lease, shall collect the rents of said property as they become due, and, after paying all taxes and legitimate charges upon said premises, to divide quarterly the net income of said rent equally between John DeHaven Hanbest, Hannah A. Hanbest, Naomi J. McCurdy, Catherine Hayes, and Emily Farrell ; I likewise direct my said executor to give my said tenant three months' notice before the expiration of his present term, and at said time and upon the vacation of said property by the said Kane, I authorize my said executor to sell the said property, including said adjoining premises, which rents now for eight dollars a month, either at public or private sale, for the best and highest price that can be obtained for the same, giving him full discretion in this behalf : and upon such sale he shall make good and sufficient deed of conveyance therefor that shall vest the title in the purchaser or purchasers thereof in fee simple."

The said Catherine Hayes died on February 23, 1901, and the executor of her will, Anthony A. Hirst, represents her interest in this proceeding. One of the defendants in the original bill, George Grayson, was the executor appointed by Julia A. Hanbest in her will, which was duly proved. Without giving any notice to the tenant, John Kane, before the expiration of his lease, and while the said Kane was still in occupation of the premises as tenant, on December 12, 1901, the said Grayson, executor, entered into articles of agreement with the said John Kane, for the sale of a certain portion of the real estate which he was authorized to sell by the provisions of the Hanbest will, including the said Blue Bell Hotel, for the sum of $28,000. The plaintiffs in the original bill allege that the proposed sale to John Kane, contemplated and provided for by the said articles of agreement, was such a sale as the executor had no authority to make. It is contended by these plaintiffs that the provisions in the Hanbest will that the executor should give Kane, the tenant, three months' notice before the expiration of his then present term, and that upon the vacation of the property by said Kane, the executor might sell the same, constituted a condition precedent to the executor having any lawful authority to sell the property. It is also claimed that John Kane, by being allowed to remain in possession of the property, was given an unfair advantage over other persons who might have desired to purchase the property, and that thereby he was enabled to purchase it at a low and inadequate price; and further, that Grayson, the executor, by selling a portion of the property divided from the rest by the middle line of Seventy-third street, has seriously impaired the value and marketability of that portion of the property which was not sold to Kane. For the reasons stated the plaintiffs ask that Grayson, the executor before stated, may be restrained from selling said property to John Kane, and that John Kane may be required to deliver up for cancelation the articles of agreement before referred to.

The cross bill filed by Kane against the plaintiffs in the original bill, and also against Grayson, the executor sets out the articles of agreement with Grayson, alleges that the agreement was executed by Grayson, with full authority to make the same; that the defendants in the cross bill, who were the

plaintiffs in the original bill, had filed the said original bill, and, also, that on or about December 18, 1901, the said plaintiffs in the original bill had executed a certain deed poll or writing undertaking to elect to take the said real estate in kind, without conversion, and had caused said writing to be filed in the office of the clerk of the orphans' court of this county. It is also averred by the said plaintiff, John Kane, that the filing of the said deed poll constituted a cloud upon the title to the property. He therefore asks that, upon payment of the balance due under the terms of his articles of agreement entered into with the said executor, George Grayson, the said executor be directed to make proper conveyance of the property to him, the said John Kane, and that the defendants in the cross bill, who were the plaintiffs in the original bill, be restrained from asserting any right to take the said premises which the said Grayson, executor, had agreed to sell to him, John Kane, and from interfering in any way with the said executor in the sale and conveyance of the said premises.

The court entered a decree in favor of the defendants in the bill and the plaintiff, Kane, in the cross bill.

*Error assigned* was the decree of the court.

*Henry J. Scott* with him *Anthony A. Hirst*, for appellants.

*Edwin O. Michener*, with him *Preston K. Erdman*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, May 11, 1903:

The will of testatrix after reciting that she had rented the property in question for three years, directed her executor " in case of my (her) death before the expiration of said lease " to collect the rents, etc., and then further directed him to give " the tenant three months' notice before the expiration of his present term, and at said time, and upon the vacation of said property by the said Kane, I authorize my said executor to sell the said property," etc.

In the next clause she expresses the desire that her " estate may be settled and divided as soon as conveniently and legally may be after sale has been made of my said property." And in the last clause she appoints an executor, and provides " if I

should live beyond the time that I have set for my executor to take charge of the above named property I authorize my executor with full power to carry out the above items and bequests at my decease."

Under these provisions the intention of the testatrix is not really open to serious doubt. She desired her estate settled up and divided as soon after her death as it " conveniently and legally " could be done, and for settlement the sale of the property in question was necessary. She knew that the tenant could not be deprived of his possession under his lease, and therefore she directed her executor to collect the rents till the end of his term, but to give notice so that he should vacate possession at that time. She apparently did not desire to sell the property during her own life but that the executor should sell as soon as might be thereafter. In furtherance of this desire she added the clause as to what the executor should do if she should live beyond the time she had set for him to take charge of the property, i. e., beyond the end of the tenant's then present term. In that event he was " to carry out the above items and bequests at my (her) decease " that is, if the tenant was in possession under a new term the executor should collect the rents, etc., and give the necessary notice to regain possession at the end. In all this there was nothing more than the recognition of the tenant's rights, and the direction to her executor to terminate them in the legal and orderly way so that the sale could be made promptly. The termination of the tenant's possession was not a condition precedent or otherwise to the power of sale, but simply the removal of an obstacle which she supposed to stand in the way. As said by the learned judge below " there was no provision in the will prohibiting a sale being made to Kane. There was nothing to indicate that, if the lease had been terminated by agreement, or in any other way, previous to the expiration of the year, the sale should not be made to Kane."

The election of the appellants to take the property as land was not made until Kane's rights had been fixed by the contract of sale. It was therefore too late even if not otherwise ineffectual by the necessity of providing for the payment of legacies, etc.

Decree affirmed at costs of appellants.